ELDER, J.,
dissenting.
The majority holds that an intentional act resulting in bruising is physical abuse under 22 VAC 40-705-30(A) and *605 that the mere occurrence of bruising proved the intentional act was unreasonable under Code § 22.1-279.1, the corporal punishment statute. The Department of Social Services (DSS) hearing officer similarly concluded that proof “appellant caused the [student’s] injuries ... by an intentional act” was sufficient to “meet[ ] the definition of physical abuse pursuant to [Child Protective Services] Policy.” I would hold that finding either the occurrence of physical abuse or a violation of the corporal punishment statute requires independent proof that the act was unreasonable under the circumstances. Because the DSS hearing officer committed an error of law in failing to consider whether the act was unreasonable, I would vacate DSS’s finding that appellant, a fifth grade teacher of special education, committed physical abuse and remand to the circuit court to remand to DSS for additional findings based on application of the proper standard. Thus, I respectfully dissent.
The DSS hearing officer found that appellant “undoubtedly did not intend the ... bruising” that resulted from his intentional acts. The hearing officer concluded that appellant “lost his composure” when the student became disruptive and that “he forcefully grabbed” the student and “shoved him into a chair.” The hearing officer did not determine whether these actions were unreasonable under the circumstances.
Code § 63.1-248.2 defines an abused or neglected child as one, inter alia, “[w]hose parent[ ] or other person responsible for his care creates or inflicts ... upon such child a physical or mental injury by other than accidental means____” DSS regulations track the language of that code section, providing that “[p]hysical abuse occurs when a caretaker ... inflicts ... physical injury by other than accidental means____”22 VAC 40-705-30(A). The purpose of the statute and related regulations is not to punish but to protect the abused child and the community. J.P. v. Carter, 24 Va.App. 707, 727, 485 S.E.2d 162, 172 (1997).
Although “the interpretation which an administrative agency gives its [law] must be accorded great deference,” an *606 agency’s interpretation may be reversed “if [its] construction ... is arbitrary or capricious or fails to fulfill the agency’s law as defined by its basic law.” Jackson v. W., 14 Va.App. 391, 401, 419 S.E.2d 385, 390 (1992).
We interpreted the statutory definition of an abused or neglected child in Turner v. Jackson, 14 Va.App. 423, 417 S.E.2d 881 (1992). In that case, the father was found to have physically abused his three-year-old daughter by pulling out a section of her hair. Id. at 427, 417 S.E.2d at 884-85. The father’s children reported that after the daughter spilled water in her room, the father grabbed her by her hair and attempted to take her from one room to another. Id. at 427, 417 S.E.2d at 884. The father contended first that he grabbed the child by the hair to prevent her from being harmed by stepping out onto a busy street. Id. at 432, 417 S.E.2d at 887. He subsequently admitted that he pulled the hair out while attempting to discipline his daughter in her room, although he contended the hair loss was accidental and gave conflicting accounts as to precisely how it occurred. Id. We upheld the ruling that substantial evidence existed to support the finding that the father abused the child. Id. at 432, 417 S.E.2d at 888. In rejecting the father’s claim that the language “physical injury” was unconstitutionally vague, we held that “a person of average intelligence would understand that pulling out a section of hair from a three-year-old child’s head would result in a physical injury to that child.” Id. at 433-34, 417 S.E.2d at 888-89.
The facts in Turner illustrate why the definition of physical abuse must be construed to take into account whether the intentional act that caused physical injury was reasonable or unreasonable under the circumstances. Under the father’s first version of events, he grabbed the child by her hair and caused injury but did so in order to protect her from greater harm that was likely to occur if she stepped out into traffic. If the injury had occurred under those circumstances, the father’s acts would have been reasonable and would not have constituted physical abuse. However, because the evidence established that the father grabbed the child by her hair and *607 attempted to pull her from one room to another, either out of anger or in order to discipline her, it supported a finding that his intentional act was unreasonable under the circumstances.
The language in Code § 22.1-279.1, cited by appellant, supports this interpretation of the abuse and neglect statute as it applies to teachers and other school personnel. Code § 22.1-279.1 proscribes corporal punishment, but it exempts from the definition of corporal punishment, inter alia, “the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control.” Code § 22.1-279.1(A). It also expressly acknowledges that “physical pain, injury or discomfort” may be “caused by the use of incidental, minor or reasonable physical contact or other actions designed to maintain order and control.” Code § 22.1-279.1(C) (emphasis added). Thus, under the corporal punishment statute, contrary to the conclusion of the majority, the mere occurrence of bruising does not, in fact, make evident that the touching was not incidental, minor, or reasonable.[2] Rather, the corporal punishment statute requires an independent finding, based on all the circumstances surrounding the encounter, that the touching was not, among other things, reasonable. It would be anomalous to hold that Code § 22.1-279.1 permitted appellant’s actions but that those same actions *608 constituted physical abuse under the abuse and neglect statute and related DSS regulations.[3]
For these reasons, I would hold that, in order to find appellant “inflict[ed] ... physical injury [on the student] by other than accidental means,” the DSS hearing officer had to conclude not only that the contact which caused the bruising was intentional but also that the contact was unreasonable under the circumstances. Because the DSS hearing officer failed to consider whether the evidence proved the act was unreasonable, I would vacate DSS’s finding that appellant committed physical abuse and remand to the circuit court to remand to DSS for additional findings based on application of the proper standard. Thus, I respectfully dissent.

. The majority seems to acknowledge the hearing officer’s finding that appellant did not act with an intent to injure, but it holds that appellant’s acts nevertheless constituted physical abuse because the resulting bruising and abrasions were "reasonably foreseeable.” It then notes the general principle of law that "[a] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act.” This principle is a presumption only. If the evidence establishes as a fact that appellant did not intend to cause injury, then we may not apply the presumption to conclude, contrary to the evidence, that appellant intended to cause injury. However, as outlined above, the statute does not require proof of an intent to cause injury. Rather, it requires proof that the actor intended the act, whether or not injury was intended. I do not disagree with the conclusion that appellant may be considered "responsible” for causing the bruising if it was a "reasonably foreseeable” result of his intentional act. What I dispute is the majority’s conclusion that appellant’s act constituted physical abuse without a concomitant finding that the intentional act that caused the bruising was unreasonable under the circumstances.

. After the events at issue in this case occurred on May 18, 2001, legislation took effect that was designed to prevent such an anomalous result. As of July 1, 2001, Virginia’s "Welfare (Social Services)” statutes reference the exceptions to the statutory prohibition against corporal punishment in Code § 22.1-279.1. See Code § 63.1-248.4:1 (1995 Repl.Vol. & Supp.2001); 2001 Va. Acts ch. 588; see also 2002 Va. Acts ch. 747 (effective October 1, 2002, recodifying former Code § 63.1-248.4:1 as Code § 63.2-1511). The legislature has expressly provided as follows:
In determining whether the actions of a teacher, principal or other person employed by a school board or employed in a school operated by the Commonwealth are within the exceptions [contained in the corporal punishment statute and repeated verbatim] ... in this section, the local [social services] department shall examine whether the actions at the time of the event that were made by such person were reasonable.
Code § 63.2-1511. This legislative enactment, although not controlling in appellant's case, provides support for the conclusion I would reach.